FILED on Demand

FILED
2019 NOV 20 PM 2:21

New Day Worldwide inc.
3680 Wilshire BLVD STE 1092
Los Angeles CA 90010 -

Telephone: 323-393-0548
*In Propria Persona*

NOV 20 2019
Clerk, US District Court
COURT 4612

No CV-30

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| New Day Worldwide Inc<br><br>Plaintiff,<br><br>vs.<br><br>TAYLOR SWIFT<br><br>Defendants. | Case No. CV19-09948-AB-SSx<br><br>**COMPLAINT**<br><br>**[DEMAND FOR TRIAL BY JURY]** |

## INTRODUCTION

1. Plaintiff new Day Worldwide ("Plaintiff" or 'NDW') brings this lawsuit against Defendants Taylor Swift ("Swift") (Defendant) due to Her infringement of Plaintiff's copyrighted musical composition

## PARTIES

2. Plaintiff NDW is a corporation registered in the state of California and thse city of Los Angeles, and owns all works written by Jesse Graham an individual who resides in the Central District of California, Well- renown Songwriter singer.

3. Plaintiff alleges on information and belief that Defendant Taylor Swift ("Swift") is an individual who resides in the Central District of California.

4. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

-1-

Complaint

5. At all times relevant herein, and at the time of the transactions complained of, each of the Defendants were the agent and employee of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction over this pursuant to 28 U.S.C. § 1331 and 1338 because the action arises under the Copyright Act (17 U.S.C. §§ 101, *et seq.*).

7. Venue is proper in the Central District of California under 28 U.S.C. § 1400(a) because the Defendants reside or may be found within the Central District of California, and personal jurisdiction may be properly exercised over the Defendants.

## FACTUAL ALLEGATIONS

8. Plaintiff Jesse Graham has been a songwriter since the early 1990s. Graham has written hundreds of songs and is famous for starting many trends, including the "Random Act of Kindness" movement in 2013 and the "New Day" movement.

9. In 2013, Graham authored the musical composition entitled "Haters gone Hate." Graham registered the Haters gone Hate musical composition with Broadcast Music, Inc. ("BMI") on February 5, 2013, with BMI Work # 15363757

10. Graham's Haters gone Hate musical composition includes the following chorus: "Haters gone hate + Haters gone hate, Playas gone play Playas gone play, watch out for them fakers- they'll fake you everyday."

11. Graham has filed an application with the United States Copyright Office to register a copyright for the Haters gone Hate musical composition, and the application has been assigned Case Number 1-2752485661 by the United States Copyright Office.

12. Since 2013, Graham's Haters gone Hate musical composition was publicly performed by Graham and broadcast and published on the internet. The Haters gone Hate musical composition has been available for purchase on iTunes, Google Play, and Amazon.

Complaint

13. In 2014, Swift copyrighted the musical composition entitled "Shake It Off" and Swift copyrighted the "Shake It Off" musical composition under United States Copyright Office Registration Number PA0001911732 on August 19, 2014.

14. Swift's "Shake It Off" musical composition extensively copies from Graham's Haters Gone Hate musical composition. In particular, the Shake It Off musical composition has the following lyrics: "Cause the players gonna play, play, play[;] And the haters gonna hate, hate, hate[.]" In all, the infringed copyrighted material accounts for roughly twenty percent of the Shake It Off musical composition.

15. Swift undoubtedly had access to the Haters gone Hate musical composition prior to writing and releasing the Shake It Off Musical Composition given the broad dissemination of the Haters gone Hate musical composition.

16. Swift knew or should have known that the lyrics "Haters gone hate + Haters gone hate, Playas gone play Playas gone play, watch out for them fakers- they'll fake you everyday" could not be used in a musical work by Defendants without a license and/or songwriting credit, as is customary standard practice in the music industry. Despite this industry standard practice, Swift never sought a license or other permission from Plaintiff.

17. Upon its release, Swift's Shake It Off musical composition debuted at No. 1 on Billboard's Hot 100 chart. The song went on to become a massive worldwide hit for Swift. The Shake It Off musical composition stayed on the Hot 100 for fifty weeks – 24 of them on the top 10. The Shake it Off musical composition has been certified 9x Platinum by the Recording Industry Association of America ("RIAA") with over 9,000,000 copies sold. The music video for "Shake it Off" featuring the song debuted on August 18, 2014 and has approximately 2,380,831,410 views on YouTube.3 Indeed, "Shake it Off" is the seventh most viewed video of all time on YouTube.4

18. Swift's album 1989, for which the Shake it Off musical composition was the lead single, has been certified 6x Multi-Platinum by the RIAA with over 6,000,000

Complaint

certified units sold in the United States. In addition, 1989 has sold over 10,000,000 units worldwide

19. Swift's infringing acts include, but are not limited to, unlawfully creating, recording, manufacturing, producing, selling, licensing marketing and/or distributing the Shake It Off musical composition Swift's infringement amounts to the unlawful appropriation of Graham's copyrighted material including the lyrical phrase "Haters gone hate[;] Players gone play[.]"

20. The Shake It Off musical composition has also been extensively licensed by Swift to various third parties for commercial and advertising uses including film, advertisements, television, and video games.

21. On information and belief, Swift has exploited, and continue to exploit, the Shake It Off musical composition in this District, the State of California, and throughout the United States and the world.

22. Swift's infringement is continuing she continues to sell and license the Shake It Off musical composition. Graham has informed Swift of the infringement, yet, nevertheless, Swift has persisted in her infringement.

### FIRST CAUSE OF ACTION
### COPYRIGHT INFRINGEMENT
### BY PLAINTIFF AGAINST ALL DEFENDANTS

23. Plaintiff incorporates by reference the preceding allegations of the Complaint as though fully set forth herein.

24. Defendants, without authorization, have used and are using Plaintiff's Haters gone Hate musical composition

25. Defendants' acts of infringement have been willful, intentional, and purposeful, in disregard of, and indifferent to the rights of Plaintiff.

26. As a direct and proximate result of Defendants' infringement of Plaintiff's Haters gone hate musical composition and exclusive rights under the Copyright Act, Defendants are liable for maximum statutory damage pursuant to 17 U.S.C. § 504(c) up

Complaint

to $150,000 for each of the copyrights infringed, where such infringement took place on or after the effective date of registration of the copyright. Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to his actual damages plus Defendants' profits from all infringements occurring on or after the effective date of registration of the copyright, as will be proven at trial.

27. Plaintiff is entitled to its actual damages plus Defendants' profits from all infringements occurring prior to the effective date of registration of the copyright for the Haters gone Hate musical composition, as will be proven at trial.

28. Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

29. Defendants' conduct is causing, and unless enjoined by this Court, will continue to cause great and irreparable injury to Plaintiff that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to preliminary and permanent injunctions requiring Defendants to employ reasonable methodologies to prevent or limit infringement of Plaintiff's Haters gone Hate musical composition.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant the following relief:

a. General damages in an amount to be proven at trial, but not less than $42,000,000;

b. Preliminary and permanently enjoin Defendants, as well as the Defendants' officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with Defendants, from use of Plaintiff's Haters gone Hate work.

c. Find Defendants liable for infringement of the Haters gone Hate musical composition;

d. Order an award to Plaintiff of all actual damages, in the minimum amount of $42,000,000.00, and an accounting of any gains, profits, and advantages derived by Defendants resulting from the infringing acts complained of herein;

Complaint

e. exemplary and punitive damages;

f. attorney's fees and other litigation costs;

g. costs of court;

h. pre-judgment interest on all damages and/or profits awarded by the Court;

i. such other and further relief to which they may be justly entitled.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all claims so triable.

Dated: 11/20/2019

By: *[signature] Ben MGR*

IN PROPRIA PERSONA

Complaint