UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No.: CV 19-09948-AB (SSx) | Date: July 21, 2020 |
|---|---|

Title: *New Day Worldwide Inc., et al. v. Taylor Swift, et al.*

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:    [In Chambers] ORDER <u>GRANTING</u> MOTION TO DISMISS WITH PREJUDICE**

Before the Court is Defendant Taylor Swift's ("Swift") Motion to Dismiss. ("Motion," Dkt. No. 18.) Defendants Universal Music Group, Inc., and Big Machine Label Group, LLC, filed a Joinder in the Motion. (Dkt. No. 18.) *Pro se* Plaintiff Jesse Graham ("Graham") and/or Graham purportedly on behalf of New Day Worldwide, Inc. ("New Day") filed five documents purporting to oppose the Motion. (*See* Dkt. Nos. 20, 21, 24, 27, 30.) The Court deems Dkt. No. 20 to be Plaintiffs' sole opposition, as the other filings either duplicate the same text of Dkt. No. 20, add material not germane to the motion, are unintelligible, and/or are untimely and unauthorized supplemental filings. Swift filed a reply. ("Reply," Dkt. No. 29.) The Motion is **<u>GRANTED WITH PREJUDICE</u>**.

## I.    BACKGROUND

In this action, Plaintiffs allege that Swift's musical composition *Shake It Off* copies extensively from and infringes on Graham's composition *Haters Gonna Hate*. *See* First Amended Compl. ("FAC," Dkt. No. 8), ¶¶7-13. Swift now moves

to dismiss the action for insufficient service of process, on the ground that New Day is an unrepresented entity in violation of Local Rule 83-2.2.2, and for failure to state a claim on several grounds, including lack of standing, failure to allege copyright registration (among other facts), and res judicata.

## II.  LEGAL STANDARD

Fed. R. Civ. Proc. ("Rule") 8 requires a plaintiff to present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a defendant may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To defeat a Rule 12(b)(6) motion to dismiss, the complaint must provide enough factual detail to "give the defendant fair notice of what the. . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must also be "plausible on its face," that is, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Labels, conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

A complaint may be dismissed under Rule 12(b)(6) for the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (2009) (internal quotation marks omitted).

The court generally may not consider materials other than facts alleged in the complaint and documents that are made a part of the complaint. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996). However, a court may consider materials if (1) the authenticity of the materials is not disputed and (2) the plaintiff has alleged the existence of the materials in the complaint or the complaint "necessarily relies" on the materials.  *Lee v. City of Los Angeles*, 250 F.3d 668,

688 (9th Cir. 2001) (citation omitted). The court may also take judicial notice of matters of public record outside the pleadings and consider them for purposes of the motion to dismiss. *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Lee*, 250 F.3d at 689-90.

## III.   DISCUSSION

All of Swift's grounds for dismissal appear to be meritorious, and Plaintiffs did not respond to most of them. The Court will therefore grant the motion insofar as it was unopposed. Furthermore, because Plaintiff's failure to allege copyright registration, and res judicata, are dispositive of the entire action, the Court specifically addresses these alternative grounds and will not address the others.

### A. The Motion Is <u>GRANTED</u> Based On Grounds Plaintiffs Did Not Oppose.

Plaintiffs' opposition appears to respond only to Swift's service of process argument. Pursuant to Local Rule 7-12, the Court construes Plaintiffs' failure to address the other grounds raised in the Motion as consenting to dismissal on those grounds. *See* Local Rule 7-12 (failure to oppose a motion may be deemed consent). The Motion is therefore <u>**GRANTED**</u> for lack of standing and for failure to state a claim on multiple bases, because these grounds were not opposed.

The Court will nevertheless address, in the alternative, two additional grounds for dismissal under Rule 12(b)(6).

### B. Plaintiffs Have Failed To Allege A Registered Copyright.

Subject to exceptions for authors of works of visual art which are not applicable here, "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made. . ." 17 U.S.C. § 411(a). Here, Plaintiffs allege only that Graham *applied for* registration at some unspecified time. *See* FAC ¶ 10. Plaintiffs do not allege that they have completed preregistration[1], or that the copyright has

---

[1] "Preregistration" permits a "copyright owner preparing to distribute a work of a type vulnerable to predistribution infringement—notably, a movie or musical composition" to secure a form of interim recognition of a copyright the owner will seek to register. *See Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 888 (2019) (discussing 17 U.S.C. § 408(f)). To be clear, preregistration

been registered. And, the Supreme Court has rejected the notion that merely applying for registration satisfies § 411(a): "'registration . . . has been made' within the meaning of 17 U.S.C. § 411(a) not when an application for registration is filed, but when the Register has registered a copyright after examining a properly filed application." *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 892 (2019).

Plaintiffs have alleged only that Graham applied for copyright registration, which is insufficient to pursue a claim for copyright infringement. Furthermore, by alleging only that Graham applied for registration, it follows that he has not secured copyright registration. Given the facts Plaintiffs have affirmatively pled, the lack of registration cannot be cured. Nor in their opposition do Plaintiffs suggest it could be cured. This deficiency is fatal and amendment would be futile, so the action will be dismissed with prejudice.

## C. Res Judicata Bars Plaintiffs' Claims

Res judicata applies to bar subsequent claims when there is "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). Graham filed the same claims against Swift in three prior actions, some of which included the other defendants named herein: *Braham v. Sony/ATV Music Publ'g.*, No. 2:15-cv-8422-MWF-GJSx, 2015 WL 7074571 (C.D. Cal. Nov. 10, 2015) ("*Graham I*"); *Graham v. Swift*, No. 2:18-cv-00810-MWF-GJSx ("*Graham II*"); *Graham v. Swift*, No. 2:18-cv-09071-MWF-GJSx ("*Graham III*")[2]. All of these cases were related and transferred Judge Fitzgerald. In violation of Court procedure, Graham failed to indicate on the civil cover sheet for this action that it was related to the prior three actions. All three of the prior actions were dismissed, and *Graham III* was dismissed with prejudice after Graham failed to effect service after multiple court orders. *See Graham III*, Order Dismissing Action With Prejudice (Dkt. No. 46).

---

does not refer to the period when the copyright registration application is pending; rather, preregistration is a different process from registration, with its own requirements and timeline. *See* 17 U.S.C. § 408(f). Only once "preregistration . . . has been made," may the copyright claimant may institute a suit for infringement. 17 U.S.C. § 411(a).

[2] The Court **GRANTS** Swift's Request for Judicial Notice (Dkt. No. 11-2) and takes notice of the dockets and orders issued in the three prior cases.

Plaintiffs do not dispute that this action and *Graham III* assert the same claims, that there was a final judgment on the merits in *Graham III*, and identity or privity between the parties, thus conceding the elements of res judicata. Upon review of the complaints in both cases, the Court also finds that the elements are satisfied here. The action is therefore dismissed as barred by res judicata, a bar that cannot be overcome by amendment.

### D. Admonishment and Warning To Graham Regarding Litigation Misconduct.

Defendants have pointed out several instances of misconduct by Graham, the most egregious being that he fraudulently added the name of a law firm and some of its attorneys to the cover page of Dkt. No 27, presumably to give the Court the impression that he and/or New Day had retained counsel. *See* Reply (discussing this and other misconduct). This conduct plainly violates Rule 11. Furthermore, this along with the prior three identical cases raise the issue of whether Graham is a vexatious litigant. *See* Local Rule 83-8.

Out of an abundance of caution, the Court at this juncture declines to issue to Graham an order to show cause why he should not be sanctioned under Rule 11 or why he should not be declared a vexatious litigant. Nevertheless, the Court admonishes Graham for this conduct and cautions him that should he engage in similar conduct in the future before this or another Court, he risks being sanctioned and/or being declared a vexatious litigant. The Court urges Graham to avoid conduct that would result in those consequences.

## IV.  CONCLUSION

For the foregoing reasons, the Motion to Dismiss is **GRANTED**. No amendment could cure the deficiencies discussed above, so this action is hereby **DISMISSED WITH PREJUDICE**.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

### IT IS SO ORDERED.